IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS HENRY LEWIS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-01809-D (BT) |
| | § | |
| GM FINANCIAL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Douglas Henry Lewis, Jr. has purportedly filed this civil action under 42 U.S.C. § 1983. Compl. 3 (ECF No. 3). The Court granted Lewis leave to proceed *in forma pauperis* but withheld service of process pending completion of judicial screening under 28 U.S.C. § 1915(e). Having screened Lewis's complaint, the precise nature of his claims—as well as how they relate to the Dallas Division of the Northern District of Texas—is unclear.[1] Regardless, it

---

[1] The Dallas Division of the Northern District of Texas is not the correct venue for this case under 28 U.S.C. § 1391(b). Nothing that Plaintiff complains about happened here, and no defendant resides within this Division. Nevertheless, because of the patent frivolity of Plaintiff's claims, rather than transferring the case under 28 U.S.C. § 1404, the better course is to dismiss it as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Salaverria v. California*, 2024 WL 3296440, at *1 n.2 (N.D. Tex. June 17, 2024) (Rutherford, J.), *rec. adopted sub nom. Salaverria v. California State*, 2024 WL 3297522 (N.D. Tex. July 3, 2024), *appeal dismissed sub nom. Salaverria v. California*, No. 24-10674, 2024 WL 5347227 (5th Cir. Nov. 4, 2024) (dismissing case filed in the incorrect district as frivolous instead of transferring the case under § 1404).

does not appear that Lewis can state a viable § 1983 claim. Accordingly, the Court should DISMISS this action as frivolous.

## Background

Lewis purports to bring this action under § 1983 against GM Financial (GM)—a global auto finance provider—for alleged deprivations of his due process rights under the United States Constitution. Lewis claims that he is a GM client, and that GM allowed a third party to "obtain/retrieve [his] personal information without [Lewis] signing an opted-out notice to allow such practice." Compl. at 4. Lewis similarly states that Wells Fargo disclosed his personal information without his consent. *Id.*

These disclosures supposedly caused Lewis financial distress and "mental injury," as well as "physical injury" resulting from Lewis working longer hours to make up for GM and Wells Fargo's alleged misconduct. *Id.* at 5. Lewis requests "Per Person Declaratory Damages of $5,000,000.00; "Per Person of Monetary Damages $5,000,000.00; Per Person Compensatory Damages of $5,000,000.00; Per Person of Punitive Damages $5,000,000.00." *Id.*

## Legal Standard

Lewis's pleadings are subject to preliminary screening under 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks

2

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33

## Analysis

### I. Lewis Fails to Allege that GM or Wells Fargo Acted Under Color of State Law.

Lewis has named GM—and potentially Wells Fargo—as defendants in this action to recover damages for alleged constitutional violations under § 1983. To state a claim under § 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. Only "state actors" may be sued for

3

federal civil rights violations. Private parties become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the State' can be sued as a state actor under § 1983.") (citing *Lugar*, 457 U.S. at 937). The phrase "fairly attributable to the State" means (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937.

Lewis does not allege that GM or Wells Fargo engaged in any conduct that could be fairly attributable to the State. Therefore, they are not state actors, and Lewis's claims should be dismissed. *See Meitzler v. Reyes*, 2024 WL 5058530, at *3 (S.D. Tex. Nov. 8, 2024), *rec. adopted*, 2024 WL 5063672 (S.D. Tex. Dec. 10, 2024) (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)) ("Private citizens and businesses are not state actors within the meaning of § 1983."); *Goolsbee v. Peirce*, 2015 WL 1607994, at *3 (W.D. Tex. Apr. 7, 2015) ("Wells Fargo Bank [is] not [a] state actor[] . . . for § 1983 purposes. . . .").

4

### II. To the Extent Lewis Raises a Claim for Breach of Contract, Such a Claim also Fails Under § 1915(e).

Lewis also suggests that GM and Wells Fargo breached a contract with him by disclosing his personal information. *See* Compl. at 3, 7. To the extent that Lewis seeks to raise a breach of contract claim in this action, he is unable to do so.

To assert breach of contract under Texas law, the plaintiff must establish "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *U.S. Bank Nat'l Ass'n v. Richardson*, 2019 WL 1115059, at *3 (N.D. Tex. Mar. 11, 2019) (citations omitted).

Lewis fails to plausibly allege those elements. He states that he is a GM client, but he does not plausibly allege that (i) a contract existed between him and either GM or Wells Fargo; or (ii) if such a contract did exist, that he performed under the contract while GM or Wells Fargo breached it. All that he alleges is that GM and Wells Fargo disclosed his personal information to third parties.

Accordingly, if Lewis seeks to raise a breach of contract claim, he is unable to do so. *See Hicks v. Transamerica Life Ins. Co.*, 2024 WL 1312500, at *4 (N.D. Tex. Mar. 19, 2024), *rec. adopted*, 2024 WL 1317808 (N.D. Tex. Mar. 26, 2024) (dismissing breach of contract claims as meritless under § 1915(e)(2)).

### Leave to Amend

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.

5

1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.* Nor is leave to amend required if it would be futile because the court lacks subject matter jurisdiction or because the plaintiff's theory of relief is simply not cognizable. *See*, *e.g.*, *Isom v. United States*, 2022 WL 2865864, at *3 (E.D. Tex. June 23, 2022) ("Here, the facts as alleged by Plaintiff clearly demonstrate a lack of subject matter jurisdiction in this Court, and her claims lack a rational basis. Thus, granting leave to amend would be futile and cause needless delay."), *rec. accepted* 2022 WL 2865841 (E.D. Tex. July 20, 2022); *Kindricks v. Garland, Police Dep't.*, 2014 WL 5472446, at *4 (N.D. Tex. Oct. 29, 2014) ("Here, Plaintiff's claims are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.").

In this case, Lewis's claims are fatally infirm. Therefore, leave to amend is unwarranted.

## Recommendation

For the reasons explained above, the Court should dismiss Plaintiff's case as frivolous under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

October 9, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

7